IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION **RECEIVED**

Vickie L. Barnette and Earl Barnette,      *      2006 NOV 16  P 4: 40
                                           *
          Plaintiffs,                      *      DEBRA P. HACKETT, CLK
                                           *         U.S. DISTRICT COURT
vs.                                        *      MIDDLE DISTRICT Case #: 2:06CV 1030- WKW
                                           *
Dollar Tree Stores, Inc., et al.,          *
                                           *
          Defendants.                      *

## NOTICE OF REMOVAL

COME NOW the Defendants, Dollar Tree Stores, Inc. and Eugene Hamric, and hereby file

this notice of removal seeking to remove the above styled case from the Circuit Court of Barbour

County, Alabama, being case number CV-06-146, to the United States District Court of the Middle

District of Alabama, Northern Division.  Attached hereto as "Exhibit A" are the pleadings and

documents from the state court proceeding.  Attached hereto as "Exhibit B" is an Affidavit of

Eugene Hamric. Attached hereto as "Exhibit C" is the notice of filing of this notice of removal that

was filed with the Clerk of the Circuit Court of Barbour County, Alabama, and served on the

Plaintiffs' attorney. Attached hereto as "Exhibit D" is the consent of the Co-Defendant for removal.

Removal to the United States District Court for the Middle District of Alabama, Northern Division,

in this case is warranted for the following reasons:

1.      On October 19, 2006, the Plaintiffs, Vickie L. Barnette and Earl Barnette, filed a

lawsuit in the Circuit Court of Barbour County, Alabama against Dollar Tree Stores, Inc., Eugene

Hamric, Logan Germann, and Jerry Germann. (Exhibit A). The Plaintiffs state that on December 8,

Page 1 of 6

2005, Vickie Barnette was a customer at the Dollar Tree store located at 1451 South Eufaula Avenue, Eufaula, Alabama. (Exhibit A). Plaintiff Vickie Barnette "was exiting the Dollar Tree when in the process she slipped and fell...." (Exhibit A). The Complaint alleges three counts of negligence and/or wantonness, and one count of loss of consortium. (Exhibit A). Defendants Dollar Tree Stores, Inc. and Eugene Hamric deny each and every allegation of the Plaintiff's Complaint. Defendants seek to remove the Complaint filed by Vickie Barnette and Earl Barnette in the Circuit Court of Barbour County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

2.     Eugene Hamric is the only Defendant in this case that is a citizen of Barbour County, Alabama. Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business located in Norfolk, Virginia. Logan Germann and Jerry Germann are citizens of Danville, Kentucky, which is where they were served with the Plaintiffs' Complaint.

3.     The Defendants, Dollar Tree Stores, Inc. and Eugene Hamric, contend that the Plaintiffs fraudulently joined Eugene Harmic as a Defendant in this suit in an effort to defeat federal diversity jurisdiction. A defendant seeking to prove fraudulent joinder must demonstrate by clear and convincing evidence either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Gonzalez v. J.C. Penny Corporation, et al., 2006 U.S. App. Lexis 26178 (11th Cir. 2006), citing Henderson v. Washington Nat. Ins. Co., 454 F. 3d 1278, 1281 (11th Cir. 2006), quoting Crowe v. Coleman, 113 F. 3d 1536, 1538 (11th Cir. 1997). A court, in determining whether a defendant was fraudulently joined, must consider "the plaintiff's pleadings

at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." <u>Pacheco de Perez v. AT&T Co.</u>, 139 F. 3d 1368, 1380 (11th Cir. 1998).

4.    There is no possibility that the Plaintiffs can establish a cause of action against Eugene Hamric based on negligence. In order to prove that Eugene Hamric was negligent, the Plaintiffs must prove that Mr. Hamric "negligently fail[ed] to maintain the premises of the store in a reasonably safe condition." <u>Strahsburg v. Winn-Dixie Montgomery, Inc.</u>, 601 So. 2d 916 (Ala. 1992), <u>quoting Cox v. Western Supermarkets, Inc.</u>, 557 So. 2d 831 (Ala. 1989). The Plaintiffs must demonstrate the negligence of Mr. Hamric by proving that the "fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; <u>and</u> that the defendant had or should have had notice of the defect before the time of the accident." <u>Hale v. Sequoyah Caverns & Campgrounds, Inc.</u>, 612 So. 2d 1162, 1164 (Ala. 1992). The Plaintiffs cannot establish the three factors necessary to prove that Eugene Hamric was negligent. First, the Plaintiffs cannot prove that the defect was the result of Mr. Hamric's negligence because Mr. Hamric was not on the Dollar Tree premises or even working at the time of the alleged accident, and therefore, could not have negligently caused a defect. (Exhibit B). Secondly, the requirement that Mr. Hamric "had notice of the defect before the time of the accident" cannot be met because Mr. Hamric was not on the Dollar Tree premises or even working at the time of the alleged accident. <u>Id</u>. (Exhibit B). Therefore, there is no possibility that Mr. Hamric could have received notice of the defect before the time of the accident.

5.    There is no possibility that the Plaintiffs can establish a cause of action against Eugene Hamric based on wantonness. "To be guilty of wanton conduct, one must with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some

known duty." Carter v. Treadway Trucking, Inc. 611 So. 2d 1034, 1035 (Ala. 1992). The Plaintiffs cannot prove that Eugene Hamric "with reckless indifference to the consequences, consciously and intentionally" did something that caused the Plaintiff to allegedly fall because Mr. Hamric was not present on the premises of the Dollar Tree or working at Dollar Tree at the time of the accident. Id. (Exhibit B).

6.      Based on the forgoing, Defendant Eugene Hamric was fraudulently joined as a Defendant in this action, and therefore, should be dismissed with prejudice.

7.      Jurisdiction for this cause is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) because all parties are diverse once Defendant Eugene Hamric is properly dismissed based on fraudulent joinder.

8.      In addition to complete diversity, upon information and belief, the Defendant believes the Complaint seeks an amount in controversy greater than $75,000.00, exclusive of interest and costs.[1]

9.      Defendants were served with the summons and complaint on October 20, 2006.

10.     Accordingly, the notice of removal filed by Defendants is timely.

11.     Defendants have attached all the documents filed in the Circuit Court of Barbour County, Alabama, as required by 28 U.S.C. § 1441 et seq. (Exhibit A).

12.     Defendants have served Plaintiffs' attorney and the Clerk of the Circuit Court of Barbour County, Alabama, with the notice of the filing of this notice of removal. (Exhibit C).

---

[1]      To the extent there may be dispute over whether the damages sought by the Plaintiff exceed the amount in controversy requirement for jurisdiction of this Honorable Court, Defendant respectfully requests leave from this court to submit limited interrogatories, requests for production and/ or requests for admissions on the issue of damages to the Plaintiff.

13.    Defendants have not filed an answer in the Circuit Court of Barbour County, Alabama, and have simultaneously with the filing of its notice of removal filed an answer to the Plaintiffs' allegations in the District Court for the Middle District of Alabama, Northern Division.

14.    Defendants are in agreement that this case must be removed to the United States District Court for the Middle District of Alabama, Northern Division, and request the Court to accept jurisdiction over Plaintiffs' claims. (See Exhibit D).

WHEREFORE, these Defendants pray that the removal of said cause to the United States District Court for the Middle District of Alabama, Northern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Barbour County, Alabama, pending a final decision and determination of controversy in this Honorable Court.

Respectfully submitted this the _16th_ day of November, 2006.

_____
RICK A. HOWARD (HOW045)
MEGAN K. MCCARTHY (MCC149)
Attorneys for Dollar Tree Stores, Inc., and Eugene Hamrick

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Russell Lee Irby, Esq.
Albert H. Adams, Jr., Esq.
Post Office Box 910
Eufaula, Alabama 36027

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36027

This the 16th day of November, 2006.

_____
OF COUNSEL

OCT-24-2006 16:55 FROM:DOLLAR TREE FINANCE  7573215530          TO:The Hartford          P.5/9

**IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION**

**FILED
OCT 19 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA**

VICKIE L. BARNETTE and EARL
BARNETTE,

 PLAINTIFFS,

VS.

DOLLAR TREE STORES, INC., LOGAN
GERMANN, JERRY GERMANN and
EUGENE HAMRIC,

 DEFENDANTS.

CIVIL ACTION NO.: CV-06- 146

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The plaintiff, Vickie L. Barnette, is over the age of nineteen (19) and is a resident of Barbour County, Alabama and on or about December 8, 2005 was a customer of the Dollar Tree, Inc. in Eufaula, AL.

2. The plaintiff, Earl Barnette resides in Eufaula, Barbour County, Alabama, is over the age of 19 years and the husband of Vickie L. Barnette.

3. The Defendant, Dollar Tree Stores, Inc., hereinafter referred to as "Dollar Tree" is a corporation doing continuous and systematic business in the State of Alabama.  The incident described in this complaint involved the Eufaula Dollar Tree located at 1451 S. Eufaula Ave., Eufaula, AL.

4. Defendants Logan Germann and Jerry Germann are the owners of the premises located at 1451 S. Eufaula Ave., in Eufaula, AL.



10/24/2006  05:01PM

OCT-24-2006 16:55 FROM:DOLLAR TREE FINANCE  7573215530          TO:Th  artford

5.    Defendant Eugene Hamric resides in Barbour County, Alabama and is over the age of 19 years.  This defendant was the manager of the Dollar Tree located at 1451 S. Eufaula Ave., in Eufaula, AL on the occasion made the basis of this lawsuit.

6.    Jurisdiction and venue are proper in this court.

## STATEMENT OF FACTS

7.    On or about December 8, 2005, the plaintiff was a customer in the Dollar Tree Store, located at 1451 S. Eufaula Ave., in Eufaula, AL.

8.    On or about the aforementioned date, the plaintiff was exiting the Dollar Tree when in the process she slipped and fell at the premises located at 1451 S. Eufaula Ave. in Eufaula, AL fracturing her right ankle.

9.    On the occasion made the basis of this lawsuit, the premises were unreasonably dangerous and defective and all of the defendants had knowledge of such dangerous and defective condition of the premises that then and there existed and failed to correct or warn of same.

10.    As a proximate cause of the defendants' conduct, the plaintiff, Vickie L. Barnette was severely injured and damaged and was caused to incur medical expenses to treat her injuries and she lost time from work.

11.    The plaintiff, Vickie L. Barnette has suffered extreme pain and mental anguish from the above described injuries and will continue to suffer from said injuries in the future.

## COUNT ONE

12.    The plaintiff, Vickie L. Barnette, readopts and realleges all allegations contained in paragraphs 1 through 11 of the Complaint as if set out here in full.

13.    The defendants negligently and/or wantonly maintained the aforesaid premises.

14.    As a proximate consequence of this negligence and/or wantonness of the defendants

OCT-24-2006 16:56 FROM:DOLLAR    E FINANCE 7573215530    TO:T    lartford    P.7/9

the plaintiff, Vickie L. Barnette was injured and damaged, as set forth above.

WHEREFORE, the plaintiff, Vickie L. Barnette demands judgment for compensatory and punitive damages against the defendants or each of them in such sum as a jury may award, plus costs and interest.

## COUNT TWO

15.    Plaintiff Vickie L. Barnette realleges and adopts each and every allegation of paragraphs one through 14 of the complaint as though set forth again in full.

16.    The defendants wantonly and/or negligently failed to maintain the premises located at 1451 S. Eufaula Ave. in Eufaula, AL in a reasonably safe condition when defendants had been put on notice of the dangerous and defective condition of such premises which was a foreseeable act for which the defendants should have taken proper precautions and made proper warning.

17.    As a proximate result of the wanton and/or negligent conduct of the defendants as aforesaid, the plaintiff, Vickie L. Barnette was seriously injured and damaged.

WHEREFORE, Plaintiff Vickie L. Barnette demands judgment for compensatory and punitive damages against the defendants, or each of them, in such sum as a jury may award, plus costs and interest.

## COUNT THREE

18.    The plaintiff Vickie L. Barnette readopts and realleges all prior allegations contained in the paragraphs 1 through 17 of the complaint as set forth again in full.

19.    The negligence and/or wantonness of the defendants as alleged herein combined and concurred to cause the plaintiff Vickie L. Barnette to suffer severe injuries and damages as aforesaid.

20.    As a proximate result of the aforesaid conduct of all defendants, the Plaintiff was injured and damaged as set forth again in full.

OCT-24-2006 16:56 FROM:DOLLAR TREE FINANCE 7573215530          TO:The Hartford          P.8/9

WHEREFORE, Plaintiff Vickie L. Barnette demands judgment for compensatory and punitive damages against the Defendants, or each of them, in such sum as a jury may award, plus costs and interest.

## COUNT FOUR

21.    Plaintiff Earl Barnette realleges and adopt each and every allegation of count one, count two and count three of the complaint as though set forth again in full.

22.    At all material times referred to herein, said Earl Barnette was the husband of the plaintiff, Vickie L. Barnette, and as a proximate cause of the acts complained of in the complaint, lost the love, affection, aid, society and consortium of his said wife and was caused to incur expenses in and about his efforts to assist and treat his wife's aforesaid injuries.

WHEREFORE, plaintiff Earl Barnette demands judgment against the defendants, or each of them, for compensatory and punitive damages in a sum a jury deems reasonable, plus costs.

RUSSELL LEE IRBY (IRB001)
ALBERT H. ADAMS, JR. (ADA058)
Attorneys for Plaintiffs
P.O. Box 910
Eufaula, Alabama 36072-0910
(334) 687-6672

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.

Russell Lee Irby

PLEASE SERVE DEFENDANTS BY PERSONAL SERVICE AS FOLLOWS:

Dollar Tree Stores, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Mr. Logan Germann
3425 Freeland
Lexington, KY 40502

Mr. Jerry Germann
3425 Freeland
Lexington, KY 40502

Mr. Eugene Hamric
919 County Road 17
Louisville, AL 36048

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Vickie L. Barnette and Earl Barnette, | * | Circuit Court of Barbour County, |
| | * | Alabama Eufaula Division Case |
| Plaintiffs, | * | Number:  **CV 2006-146** |
| | * | |
| v. | * | U.S.D.C. #: _____ |
| | * | |
| Dollar Tree Stores, Inc., et al., | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT OF EUGENE HAMRIC

STATE OF ALABAMA      )
MONTGOMERY COUNTY )

My name is Eugene Hamric.  I am over the age of majority and competent to make the following statements based upon my personal knowledge.

I am the Manager of the Dollar Tree store located on Eufaula Avenue in Eufaula, Alabama.

I am responsible, at the present time, for overseeing fifteen employees and the day-to-day activities at the Dollar Tree store in Eufaula.  I have several assistant managers who oversee the activities at the Dollar Tree store and the Dollar Tree employees when I am not working at the store.

1.    On December 8, 2005, I left work at the Dollar Tree store at 3:30 p.m. in order to begin working at the Barbour County Sheriff's Office at 4:00 p.m. (Exhibit A).  At the time I left the store, an assistant manager became responsible for overseeing the activities and employees at the Dollar Tree. (Exhibit B).

2.    I have been informed that the alleged fall of the Plaintiff occurred at approximately 4:00 p.m. (Exhibit B).  I have been informed that the Plaintiff was exiting the store when she

1



allegedly fell. (Exhibit B). I have been informed that an assistant manager was called outside by another unknown customer to help the Plaintiff at the time of her alleged fall. (Exhibit B). The assistant manager, following company protocol, filled out a Customer Accident Report. (Exhibit B). I was not aware at any time before or after the Plaintiff allegedly fell that any type of an alleged defect existed outside the exterior of the Dollar Tree store. (Exhibit B). On the day that the Plaintiff allegedly fell, I was not notified that a customer had fallen until at least thirty minutes after the incident had occurred.

3.    At the time that the Plaintiff allegedly fell, I was not present at the Dollar Tree in order to investigate whether or not a hazard existed. At the time I left work, I had no notice that a hazard may have existed outside the Dollar Tree. I did not knowingly create any type of defect on the outside of the store on the day of the Plaintiff's alleged fall. Furthermore, Dollar Tree employees are not required to maintain the exterior of the store. The exterior of the store is maintained by the owners of the store, Logan Germann and Jerry Germann.

Further Affiant saith not.

_Eugene H Hamric II_
Eugene Hamric

SWORN to and SUBSCRIBED before me on this the ___16th___ day of November, 2006.

/seal/                    _Jean M. Hartzog_
                          Notary Public
                          My commission expires: _5-11-09_

11/8/2006 3:49:30 PM

CONFIDENTIAL

## Schedule Report
For Orgs in Scope Under 01939
Schedule Date: 12/4/2005 - 12/10/2005
Run Time: 11/8/2006 16:49:10 EST

### Totals

| | Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 | Total |
|---|---|---|---|---|---|---|---|---|
| 01939 - Scheduled Hours | 29:00 | 31:00 | 44:30 | 50:30 | 45:00 | 52:00 | 46:30 | 298:30 |

EXHIBIT
A
tabbies

11/8/2006 3:49:30 PM

CONFIDENTIAL

## Vacant Shifts

| Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 |
|----------|----------|----------|----------|----------|----------|-----------|
|          |          |          |          |          |          |           |

## Store Manager - 01939 (01939)

| | | Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 | Total |
|---|---|---|---|---|---|---|---|---|---|
| EUGENE H. | Sched | 9:00 A-9:00 P | 7:00 A-4:00 P | 7:00 A-10:00 P | 7:00 A-10:00 P | 7:00 A-4:00 P | 7:00 A-10:00 P | 7:00 A-4:00 P | 84:00 |
| | Job | Store Manager | Store Manager | Store Manager | Store Manager | Store Manager | Store Manager | Store Manager | |
| Comments | | | | | | | | | |

CONFIDENTIAL

## Assistant Manager - 01939 (01939)

| | | Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 | Total |
|---|---|---|---|---|---|---|---|---|---|
| KATRINA J. | Sched | | | 1:30 P-10:00 P | 8:30 A-5:00 P | 1:30 P-10:00 P | 8:30 A-5:00 P | 8:30 A-5:00 P | 40:00 |
| | Job | | | Asst Mgr | Asst Mgr | Asst Mgr | Asst Mgr | Asst Mgr | |
| | Comments | | | | | | | | |
| APRIL M. | Sched | | 3:00 P-10:00 P | | 8:00 A-2:00 P | 7:30 A-2:30 P | 2:00 P-10:00 P | 3:00 P-11:00 P | 34:00 |
| | Job | | Asst Mgr | | Asst Mgr | Asst Mgr | Asst Mgr | Asst Mgr | |
| | Comments | | | | | | | | |

## Hourly Associate - 01939 (01939)

| Associate | | Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 | Total |
|---|---|---|---|---|---|---|---|---|---|
| VALERIE C. | Sched | | | | | | | 8:00 A-1:00 P | 5:00 |
| | Job | | | | | | | Cashier | |
| | Comments | | | | | | | | |
| LACY C. | Sched | | 4:30 P-10:00 P | 12:00 P-5:00 P | | | | | 21:00 |
| | Job | | Cashier | Cashier | | | | | |
| | Comments | | | | | | | | |
| TAKEYDRA J. | Sched | | | | 4:30 P-10:00 P | 4:30 P-10:00 P | 4:30 P-10:00 P | 5:00 P-11:00 P | 17:00 |
| | Job | | | | Cashier | Cashier | Cashier | Cashier | |
| | Comments | | | | | | | | |
| NORA K. | Sched | | | | | | | | 0:00 |
| | Job | | | | | | | | |
| | Comments | | | | | | | | |
| BRENDA L. | Sched | | | | | | | | 0:00 |
| | Job | | | | | | | | |
| | Comments | | | | | | | | |
| KAREN M. | Sched | | 8:00 A-1:00 P | 8:00 A-1:00 P | | | | | 10:00 |
| | Job | | Cashier | Cashier | | | | | |
| | Comments | | | | | | | | |
| RACHEL R. | Sched | | | | | | | | 0:00 |
| | Job | | | | | | | | |
| | Comments | | | | | | | | |
| KRYSTAL R. | Sched | 9:00 A-4:30 P | | 3:00 P-9:00 P | 3:00 P-9:00 P | 3:00 P-9:00 P | 3:00 P-9:00 P | 3:00 P-9:00 P | 37:00 |
| | Job | Sales Floor | | Process Freight | Process Freight | Process Freight | Process Freight | Process Freight | |
| | Comments | | | | | | | | |
| DESTINY T. | Sched | | | | 12:00 P-5:00 P | 12:00 P-5:00 P | | 12:00 P-5:00 P | 15:00 |
| | Job | | | | Cashier | Cashier | | Cashier | |

CONFIDENTIAL

| | | Sun 12/4 | Mon 12/5 | Tue 12/6 | Wed 12/7 | Thu 12/8 | Fri 12/9 | Sat 12/10 | Total |
|---|---|---|---|---|---|---|---|---|---|
| | Comments | | | | | | | | |
| JESSICA W. | Sched | 4:00 P-9:00 P | | 4:30 P-10:00 P | | | | | 10:30 |
| | Job | Process Freight | | Process Freight | | | | | |
| | Comments | | | | | | | | |
| CHRISTIE W. | Sched | 12:00 P-5:00 P | 12:00 P-5:00 P | | 8:00 A-1:00 P | 8:00 A-1:00 P | 8:00 A-1:00 P | | 25:00 |
| | Job | Cashier | Cashier | | Cashier | Cashier | Cashier | | |
| | Comments | | | | | | | | |

# ✳ DOLLAR TREE STORES, INC.

## Customer Accident Report

Date of Report 12-8-05    Time 4:00    Completed By _Katrina Jenkins_

Store No. 1959    Store Address 1451 S Eufaula, Ave.

Phone Number 616-6160l

Date of Accident 12-8-05    Time 4:00    AM ___ PM ✓

Name of Injured Person Vicky Barnette    Social Security # 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

Home Address 141 Pleasant Hill Rd    Eufaula, Al 36027

Home Phone # 687-6179    Work Phone # ___    Age 48

Companion of Injured Party She was alone

(Address and Phone #) ___

Customer Witnesses none

(Address and Phone #) ___

Associate Witnesses none

Description of Accident Someone came into the store and told me that a lady had fallen and needed help. I called an ambulance for her. She fell outside on the handicap access and thought she broke her leg.

Nature of Injury She was stepping up on the sidewalk and fell. It was wet because it had been raining.

Name/Address of Physician Dr. Simpson - Southeast Regional Hospital

Name/Address of Hospital Lakeview Hospital - Eufaula Al  Southeast Regional Dothan, Al

* Was accident caused by a product? no    If so, contact Risk Management immediately, ext. 3000.

Did you inspect the location immediately after accident? yes    Exact Time 4:00 AM / PM

What did you find? area was just wet from rain

Were pictures taken? no

Was location clean and dry? n/a    Type of floor n/a    Type of shoes n/a

Any foreign substance or obstructions? no    Was injured wearing glasses? yes

Describe lighting conditions Starting to get dark

Was injured person carrying bundles or other objects? no    Did another customer contribute to the accident? no    If Yes,

Explain ___

Injured person's attitude Very nice and sweet - alot of pain

How did injured party describe accident?
She said she was stepping up and fell.

Manager's Signature _Katrina Jenkins_

Did you call 800 # to report this to the Insurance Company? yes    Date 12-9-05

Confirmation # YLBL 15511

EXHIBIT
B

• *Please continue on back if more room is needed* •

White = Risk Management        Yellow = Store Files

FEI-0147 (REV 5/00)

SRS - Philadelphia Office
Insurance Company

610-254-0592

Claim # ~~#~~ YL BL 15511

---

Southeast Regional

334-793-8111   Room #260

Dr. Simpson

Updates can be made Fri. afterno
or Monday
ankle broke — surgery this morning 12/9/05

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

Vickie L. Barnette and Earl Barnette,          *
                                                *
          Plaintiffs,                           *
                                                *
vs.                                             *          CV 2006-146
                                                *
Dollar Tree Stores, Inc., et al.,              *
                                                *
          Defendants.                           *

### NOTICE OF FILING NOTICE OF REMOVAL

TO:    Barbour County Circuit Court
       Attn: David S. Nix
       Courthouse
       303 East Broad Street
       Eufaula, Alabama 36027

       Russell Lee Irby, Esq.
       Albert H. Adams, Jr., Esq.
       Post Office Box 910
       Eufaula, Alabama 36072

Pursuant to 28 U.S.C. § 1446, Defendants hereby give notice of the filing of their Notice of

Removal in the above styled cause from the Circuit Court of Barbour County, Alabama, to the

United States District Court for the Middle District of Alabama, Northern Division.  A true and

correct copy of the notice of removal is attached hereto as Exhibit "A".

Done this _____ day of _____, 2006.


                                        _____
                                        RICK A. HOWARD (HOW045)
                                        MEGAN K. MCCARTHY (MCC149)
                                        Attorneys for Dollar Tree Stores, Inc., and
                                        Eugene Hamric

Page 1 of 2



EXHIBIT
C

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Russell Lee Irby, Esq.
Albert H. Adams, Jr., Esq.
Post Office Box 910
Eufaula, Alabama 36027

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36027

This the 10 day of November, 2006.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

RECEIVED

Vickie L. Barnette and Earl Barnette,     *

2006 NOV 16 P 4:40

     Plaintiffs,     *

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

vs.     *  Case Action No.
MIDDLE DISTRICT ALA

     *

Dollar Tree Stores, Inc., et al.,     *

     *

     Defendants.     *

## CONSENT TO REMOVAL

COMES NOW Defendants, Logan Germann and Jerry Germann, and hereby files this notice

of its consent to removal of this action from the Circuit Court of Barbour County, Alabama, to the

United States District Court for the Middle District of Alabama, Northern Division.

This _16th_ day of November, 2006.

Attorneys for Logan Germann and Jerry
Germann.



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following, via United States mail, postage prepaid on this the _16_ day of _Nov_ , 2006,

Rick A. Howard
*Nix Holtsford Gilliland Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103

Russell Lee Irby
Albert H. Adams, Jr.
Post Office Box 910
Eufaula, Alabama 36072

OF COUNSEL