IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

Vickie L. Barnette and Earl Barnette,    *

      Plaintiffs,    *

vs.    *    Case Action No.: 2:06CV1030-WKW

Dollar Tree Stores, Inc., et al.,    *

      Defendants.    *

2006 NOV 16  P 4: 41

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

## DEFENDANTS DOLLAR TREE STORES, INC.'S AND EUGENE HAMRIC'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW two of the Defendants, Dollar Tree Stores, Inc., and Eugene Hamric, by and through their undersigned attorney, and state the following as their answer to Plaintiffs' complaint:

1.    These Defendants have insufficient information to admit or deny paragraph one of Plaintiffs' complaint.

2.    These Defendants have insufficient information to admit or deny paragraph two of Plaintiffs' complaint.

3.    These Defendants admit that it is a corporation doing business in the State of Alabama. These Defendants deny the remainder of paragraph three of Plaintiffs' complaint and demand strict proof thereof.

4.    These Defendants admit paragraph four of Plaintiffs' complaint.

5.    These Defendants admit that Eugene Hamric was the manager of Dollar Tree. These Defendants deny the remainder of paragraph five of Plaintiff's complaint and demand strict proof thereof.

6.      These Defendants admit that jurisdiction and venue are proper in state court, but elect their right to remove to the United States District Court for the Middle District of Alabama, Northern Division.

7.      These Defendants have insufficient information to admit or deny paragraph seven of Plaintiffs' complaint.

8.      These Defendants have insufficient information to admit or deny paragraph eight of Plaintiffs' complaint.

9.      These Defendants deny paragraph nine of Plaintiffs' complaint and demand strict proof thereof.

10.     These Defendants deny paragraph ten of Plaintiffs' complaint and demand strict proof thereof.

11.     These Defendants deny paragraph eleven of Plaintiffs' complaint and demand strict proof thereof.

12.     These Defendants deny count one of Plaintiffs' complaint and demand strict proof thereof.

13.     These Defendants deny count two of Plaintiffs' complaint and demand strict proof thereof.

14.     These Defendants deny count three of Plaintiffs' complaint and demand strict proof thereof.

15.     These Defendants deny count four of Plaintiffs' complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      These Defendants affirmatively plead contributory negligence.

2.      These Defendants affirmatively plead that any judgment rendered to Plaintiffs is limited by case law and statute.

3.      These Defendants affirmatively plead the general issue.

4.      These Defendants affirmatively plead their actions were not the proximate cause of Plaintiffs' alleged damages.

5.      These Defendants affirmatively plead lack of notice.

6.      These Defendants affirmatively plead intervening and superceding causation.

7.      These Defendants affirmatively plead the open and obvious doctrine.

8.      These Defendants affirmatively plead that Plaintiffs had the last clear chance to avoid injury, and thus, Plaintiffs are barred from recovery herein against these Defendants.

9.      Plaintiffs failed to state a cause of action upon which punitive damages can be awarded, and, thus, any and all claims for punitive damages are hereby due to be dismissed.

10.     These Defendants plead the affirmative defense of mitigation of damages.

11.     These Defendants plead that the Plaintiff had unclean hands and, thus, Plaintiffs are barred from recovery herein against the Defendant.

12.     These Defendants affirmatively plead that Eugene Hamric was fraudulently joined to this case.

13.     These Defendants affirmatively plead that Plaintiffs fail to state a claim upon which relief can be granted as to Eugene Hamric.

## PUNITIVE DAMAGES

1.     The complaint fails to properly state a claim for punitive damages.

2.     Alabama law permitting joint liability for punitive damages violates the equal protection clause of the 14th Amendment to the United States Constitution, as it does not assign a proportionate responsibility for a defendant's contribution to the wrongful conduct alleged.

3.     Any award of punitive damages to a plaintiff who does not satisfy a burden of proof equal to or greater than the "beyond a reasonable doubt" burden of proof required in criminal cases violates the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution.

4.     The procedures thorough which punitive damages are imposed allow awards that exceed the maximum criminal fine for the same or similar conduct, which violates the due process clauses of the 5th and 14th Amendments to the United States Constitution, the equal protection clause of the 14th Amendment of the United States Constitution, and the due process clause of the Alabama Constitution.

5.     The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment to the United States Constitution and the due process clause of the Alabama Constitution because they allow joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

6.     The procedures through which punitive damages are awarded violate the equal protection clause of the 14th Amendment to the United States Constitution, as they result in widely varying penalties for the same or similar acts.

7.    The procedures through which punitive damages are awarded violate the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide a reasonable limit on the amount of the award.

8.    The procedures through which punitive damages are awarded violate the due process and equal protection Clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide specific standards for determining the amount of punitive damages.

9.    The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to require that an award of punitive damages be proportionate, or bear a reasonable relationship to the actual harm incurred.

10.    The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the Due Process Clause of the Alabama Constitution  by failing to provide mitigating factors for the jury's consideration in awarding punitive damages.

11.    Any award of punitive damages in this lawsuit would constitute a deprivation of property without due process of law as required under the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution.

12.    The procedures pursuant to which punitive damages are awarded violate the due process clauses of the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution by permitting punitive damages that exceed the statutory limit established by the Alabama Legislature.

13.     To the extent that the demand for punitive damages imposes multiple punitive damage awards for the same act or omission of a defendant:

     a.     Such an award violates the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution; and

     b.     Such an award violates the protection against double jeopardy guaranteed by the 5th Amendment of the United States Constitution and by the Alabama Constitution; and

     c.     Such an award violates the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by encroaching on the defendant's right to due process and open access to the court system.

14.     The imposition of punitive damages on the basis of vicarious liability violates the 5th, 8th, and 14th Amendments to the United States Constitution.

15.     The procedures through which punitive damages are awarded are unconstitutionally vague.

16.     Pursuant to Alabama Code, 1975 §§ 6-11-20, et seq., a punitive damage award cannot exceed $250,000, and the Alabama Supreme Court's 1993 declaration that this statutory limitation is unconstitutional violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.

17.     Any award of punitive damages in this lawsuit is subject to all standards and limitations provided by Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), Gore v. BMW of North America, Inc., 116 S.Ct. 1589 (1996), Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997), and Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

18.    Punitive damages cannot be awarded to a party who does not meet the evidentiary standards provided by Alabama Code, 1975 §§ 6-11-20 and 12-21-12.

19.    This Defendant denies any conduct that would entitle the plaintiff to recover punitive damages.

RESPECTFULLY SUBMITTED, this the _16th_ day of _Nov._, 2006.

_____
RICK A. HOWARD (HOW045)
MEGAN K. MCCARTHY (MCC149)
Counsel for Dollar Tree Stores, Inc. and Eugene Hamric

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Russell Lee Irby, Esq.
Albert H. Adams, Jr., Esq.
Post Office Box 910
Eufaula, Alabama 36027

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36027

This the 16th day of November, 2006.

_____
OF COUNSEL