IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 12 P 4: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Vickie L. Barnette and Earl Barnette, *
*
Plaintiffs, *
*
vs. * Case #: 2:06-cv-01030-MEF
*
Dollar Tree Stores, Inc., et al., *
*
Defendants. *

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

COME NOW the Defendants, Dollar Tree Stores, Inc. and Eugene Hamric, and hereby file this response to the Plaintiffs' Motion to Remand. Attached hereto as "Exhibit 1" is a Second Affidavit of Eugene Hamric. Attached hereto as "Exhibit 2" are photographs of the wheelchair ramp that is located outside the Dollar Tree store in Eufaula, Alabama. Attached hereto at "Exhibit 3" is a Complaint in a lawsuit filed in the Circuit Court of Barbour County, Alabama, Eufaula Division, styled: *Gayle Williams v. Pride Mobility Products, Corp, et al., CV-03-179.* This case is proper in the United States District Court for the Middle District of Alabama, Northern Division, for the following reasons:

1. On November 16, 2006, Defendants Dollar Tree Stores, Inc. and Eugene Hamric filed a Notice of Removal seeking to remove the Complaint filed by Vickie Barnette and Earl Barnette in the Circuit Court of Barbour County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. The Defendants contended in their Notice of

Removal that, among other things, Eugene Hamric was fraudulently joined as a Defendant in this case.

2. The Plaintiffs, in their Motion to Remand, contested that Mr. Hamric was fraudulently joined as a Defendant in this case. The Plaintiffs primarily base their contention that Mr. Hamric is a proper Defendant on the fact that a prior lawsuit was filed against Dollar Tree store in Eufaula, Alabama, on September 1, 2003. (Exhibit 3). The prior lawsuit, styled *Gayle Williams v. Pride Mobility Products, Corp, et al., CV-03-179*, involved a wheelchair overturning on the wheelchair ramp outside of the Dollar Tree store. Ms. Williams, who was represented by the same attorney that has filed this current lawsuit, sued the maker and seller of the wheelchair, the owners of the building in which the Dollar Tree Store is located, and she sued the Dollar Tree store in her 2003 lawsuit. Ms. Williams did not sue the manager of the Dollar Tree store personally in her 2003 lawsuit, most likely because Defendant GVM Participating Partnership was an Alabama Partnership with its principle place of business in Vestavia Hills, Alabama. Thus, there was no need to bring in an in-state defendant because there was no diversity of citizenship. Ms. Williams did not allege that she fell on the wheelchair ramp, but rather that her wheelchair tipped over. The Plaintiffs in this lawsuit argue that this is enough to put Mr. Eugene Hamric on notice of a defective condition on the premises because he was working at the Dollar Tree store at the time of the previous accident.

3. Mr. Eugene Hamric began managing the Dollar Tree store on August 18, 2005. (Exhibit 1). Mr. Hamric was never informed of any pending lawsuits against the Dollar Tree store and he did not know of Ms. Williams's pending lawsuit. (Exhibit 1). Besides Ms.

Barnette's alleged fall, Mr. Hamric has not had any other customer or employee accidents while he has been working as the manager the Dollar Tree store. (Exhibit 1).

    4.    There is no possibility that the Plaintiffs can establish a cause of action against Eugene Hamric based on negligence. In order to prove that Eugene Hamric was negligent, the Plaintiffs must prove that Mr. Hamric "negligently fail[ed] to maintain the premises of the store in a reasonably safe condition." Strahsburg v. Winn-Dixie Montgomery, Inc., 601 So. 2d 916 (Ala. 1992), quoting Cox v. Western Supermarkets, Inc., 557 So. 2d 831 (Ala. 1989). The Plaintiffs must demonstrate the negligence of Mr. Hamric by proving that the "fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident." Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So. 2d 1162, 1164 (Ala. 1992). The Plaintiffs cannot establish the three factors necessary to prove that Eugene Hamric was negligent. First, the Plaintiffs cannot prove that the defect was the result of Mr. Hamric's negligence because Mr. Hamric was not on the Dollar Tree premises or even working at the time of the alleged accident, and therefore, could not have negligently caused a defect. (Exhibit B). Secondly, the requirement that Mr. Hamric "had notice of the defect before the time of the accident" cannot be met because Mr. Hamric did not know of any prior falls on the wheelchair ramp and was not working for Dollar Tree store at the time that the lawsuit, styled *Gayle Williams v. Pride Mobility Products, Corp, et al., CV*-03-179, was filed against the Dollar Tree store. Id. (Exhibit B). Furthermore, the lawsuit styled *Gayle Williams v. Pride Mobility Products, Corp, et al., CV*-03-179, involved a wheelchair tipping over, whereas, the Plaintiff's fall in this lawsuit is alleged to be caused by a wet condition. These are two completely different

defects. Therefore, there is no possibility that Mr. Hamric could have received notice of the defect before the time of the accident.

5. There is no possibility that the Plaintiffs can establish a cause of action against Eugene Hamric based on wantonness. "To be guilty of wanton conduct, one must with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty." Carter v. Treadway Trucking, Inc. 611 So. 2d 1034, 1035 (Ala. 1992). The Plaintiffs cannot prove that Eugene Hamric "with reckless indifference to the consequences, consciously and intentionally" did something that caused the Plaintiff to allegedly fall because Mr. Hamric was not working at the time of the accident and did not actively cause the accident. Id. (Exhibit B). Furthermore, turning over a wheelchair on a wheelchair ramp, as was done in the lawsuit styled: *Gayle Williams v. Pride Mobility Products, Corp, et al.*, CV-03-179, is completely different than the accident that the Plaintiff in this case is alleging, which is slipping on the wet wheelchair ramp. The defects alleged in these two accidents are different, and therefore, Mr. Hamric cannot be found to be wantonness.

6. The Plaintiffs in this case are further alleging that Mr. Hamric has the duty to place some type of warning signal on the wheelchair ramp. Although Eugene Hamric has no duty to maintain a pedestrian sidewalk, the wheelchair ramp was clearly marked with bright yellow paint in order to warn customers that a ramp is present. (Exhibit 2). Eugene Hamric had no reason to believe that the wheelchair ramp would prove dangerous because no customers or employees had slipped on the ramp prior to the Plaintiff's fall. (Exhibit 1).

7. The Plaintiffs apparently do not dispute that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, because they do not address the issue in their Motion to Remand.

8. Based on the forgoing, Defendant Eugene Hamric was fraudulently joined as a Defendant in this action, and therefore, should be dismissed with prejudice.

WHEREFORE, these Defendants pray that the removal of said cause to the United States District Court for the Middle District of Alabama, Northern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Barbour County, Alabama, pending a final decision and determination of controversy in this Honorable Court.

Respectfully submitted this the 12th day of December, 2006.

RICK A. HOWARD (HOW045)
MEGAN K. MCCARTHY (MCC149)
Attorneys for Dollar Tree Stores, Inc., and
Eugene Hamrick

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Russell Lee Irby, Esq.
Albert H. Adams, Jr., Esq.
Post Office Box 910
Eufaula, Alabama 36027

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36027

This the 12th day of December, 2006.

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Vickie L. Barnette and Earl Barnette, | * | Circuit Court of Barbour County, |
| | * | Alabama Eufaula Division Case |
| Plaintiffs, | * | Number: **CV 2006-146** |
| | * | |
| v. | * | U.S.D.C. #:2:06-cv-01030-MEF |
| | * | |
| Dollar Tree Stores, Inc., et al., | * | |
| | * | |
| Defendants. | * | |

**SECOND AFFIDAVIT OF EUGENE HAMRIC**

STATE OF ALABAMA )
MONTGOMERY COUNTY )

My name is Eugene Hamric. I am over the age of majority and competent to make the following statements based upon my personal knowledge.

I am the Manager of the Dollar Tree store located on Eufaula Avenue in Eufaula, Alabama..

1. I began working for the Dollar Tree store on July 18, 2005. At that time, I was hired as the manager of the Dollar Tree store in Eufaula, Alabama. I began managing the Dollar Tree store in Eufaula on August 18, 2005, after I spent one month in training. During the one month training period, I was not informed of any customer accidents at the Dollar Tree store nor was I informed of any lawsuits filed against the Dollar Tree store.

2. Prior to my employment at the Dollar Tree store, I did not know of any accidents at the Dollar Tree store nor did I know of any lawsuits filed against the Dollar Tree store.

3. Currently, I have been the manager of the Dollar Tree store in Eufaula for about one year and five months. I have not had any customer accidents or employee accidents while I have

DEFENDANT'S
EXHIBIT
tabbies
1

been on duty at the Dollar Tree store. Not withstanding the Plaintiff's alleged fall in December of 2005, there have been no customer or employee accidents at the Dollar Tree from July 18, 2005 until December 12, 2006.

4. The alleged fall of the Plaintiff that occurred on December 8, 2005, was the only alleged fall that occurred while I have been employed at the Dollar Tree store. The alleged fall of the Plaintiff did not occur while I was on duty managing the Dollar Tree store.

Further Affiant saith not.

Eugene H. Hamric III
Eugene Hamric

SWORN to and SUBSCRIBED before me on this the 12 day of December, 2006.

/seal/

Jean M. Hartzog
Notary Public
My commission expires: 5-11-09

DEFENDANT'S
EXHIBIT
2

Case 2:06-cv-01030-MEF-TFM    Document 6-3    Filed 12/12/2006    Page 2 of 3





DEFENDANT'S EXHIBIT 3

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

GAYLE WILLIAMS,  *
 *
    PLAINTIFF,  *
 *
VS.  *   CIVIL ACTION NO.: CV-03-
 *
PRIDE MOBILITY PRODUCTS, CORP., THE SCOOTER STORE, INC., DOLLAR TREE, INC., GVM PARTICIPATING PARTNERSHIP and FICTITIOUS DEFENDANTS "A", "B" "C", "D", "E", "F", "G","H", "I", "J", "K", "L", "M","N", "O", "P" and "Q", WHETHER SINGULAR OR PLURAL, THAT ENTITY WHO OR WHICH DESIGNED THE ELECTRIC WHEELCHAIR INVOLVED IN THE OCCURENCE MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT, ANY COMPONENT THEREOF OR ANY ATTENDANT EQUIPMENT USED OR AVAILABLE FOR USE THEREWITH WHETHER SINGULAR OR PLURAL, THAT ENTITY, WHO OR WHICH MANUFACTURED OR ASSEMBLED THE ELECTRIC WHEELCHAIR INVOLVED IN THE OCCURRENCE MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT, ANY COMPONENT THEREOF, OR ANY ATTENDANT EQUIPMENT USED OR AVAILABLE FOR USE THEREWITH WHETHER SINGULAR OR PLURAL, THAT ENTITY WHO OR WHICH HAD ANY ROLE IN THE DISTRIBUTIVE CHAIN REGARDING THE ELECTRIC WHEELCHAIR INVOLVED IN THE OCCURRENCE MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT OR ANY COMPONENT PART THEREOF OR ANY ATTENDANT EQUIPMENT USED OR AVAILABLE FOR USE THEREWITH; WHETHER SINGULAR OR PLURAL, THAT ENTITY OR THOSE ENTITIES WHO OR WHICH PRIOR TO THE OCCURRENCE MADE THE BASIS OF THIS LAWSUIT ALTERED OR REPAIRED THE ELECTRIC WHEELCHAIR INVOLVED IN SAID OCCURRENCE, ANY COMPONENT THEREOF, OR ANY ATTENDANT EQUIPMENT USED OR AVAILABLE FOR USE THEREWITH; WHETHER SINGULAR OR PLURAL, THAT ENTITY OR THOSE ENTITIES THAT INDIVIDUAL OR THOSE INDIVIDUALS OTHER THAN THOSE DESCRIBED ABOVE, WHOSE NEGLIGENCE, INTENTIONAL CONDUCT, WILFULNESS, BREACH OF CONTRACT, WANTONNESS OR OTHER WRONGFUL CONDUCT CONTRIBUTED TO, CAUSED THE OCCURRENCE MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL, THAT ENTITY OR THOSE ENTITIES OTHER THAN THOSE DESCRIBED ABOVE, WHICH IS THE SUCCESSOR IN INTEREST OF ANY OF THOSE ENTITIES DESCRIBED ABOVE, WHETHER SINGULAR OR PLURAL, THAT ENTITY WHO OR WHICH WAS RESPONSIBLE FOR THE SAFETY, ENGINEERING OF THE ELECTRIC WHEELCHAIR MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL, THAT ENTITY WHO OR WHICH WAS THE BUYER, SELLER OR AS A BUYER OR SELLER'S AGENT OR REPRESENTATIVE HAD ANY ROLE IN THE DISTRIBUTION OF THE ELECTRIC WHEELCHAIR INVOLVED IN THE OCCURRENCE MADE THIS BASIS OF THE PLAINITFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL, THAT ENTITY WHO OR WHICH ISSUED OR FAILED TO ISSUE WARNING OR INSTRUCTIONS REGARDING THE USE OF THE WHEELCHAIR MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL THAT ENTITY WHO OR WHICH MANUFACTURED THE COMPONENT OF THE ELECTRIC WHEELCHAIR INVOLVED IN THE

OCCURRENCE MADE THE BASIS OF THE PLAINITFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL, THAT OR ENTITY WHO OR WHICH AS A BUYER, SELLER OR AS A BUYER OR SELLER'S AGENT HAD ANY ROLE IN THE DISTRIBUTION OF ANY COMPONENT PART OF THE ELECTRIC WHEELCHAIR MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL THAT ENTITY WHO OR WHICH ISSUED WARNINGS OR INSTRUCTIONS REGARDING THE USE OF ANY COMPONENT PART OF THE ELECTRIC WHEELCHAIR INVOLVED IN THE OCCURRENCE MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL THAT PERSON, FIRM, CORPORATION OR ENTITY WHO OR WHICH HAD CONDUCTED SAFETY INSPECTIONS OR ANALYSES WITH RESPECT TO ASSEMBLING THE ELECTRIC WHEELCHAIR MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; WHETHER SINGULAR OR PLURAL THAT ENTITY WHO OR WHICH DESIGNED, CONSTRUCTED AND/OR MAINTAINED THE SIDEWALK, WHEELCHAIR RAMP AND CURB OF THE PREMISES MADE THE BASIS OF THE PLAINTIFF'S COMPLAINT; THE PLAINTIFF AVERS THAT THE IDENTITIES OF THE FICTITIOUS DEFENDANTS HEREIN ARE OTHERWISE UNKNOWN TO PLAINTIFF, THEIR IDENTITIES AS PROPER PARTY DEFENDANTS ARE NOT KNOWN TO PLAINTIFF AT THIS TIME, AND THEIR TRUE NAMES WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED;

**Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1. The plaintiff, Gayle Williams, is over the age of nineteen (19) and is a resident of Barbour County, Alabama and on or about August 9, 2003 was an invitee of the Dollar Tree, Inc.

2. The Defendant, Pride Mobility Products, Corp., hereinafter referred to as "Pride Mobility" is a foreign corporation doing continuous and systematic business in the State of Alabama.

3. The Defendant, The Scooter Store, Inc., hereinafter referred to as "The Scooter Store" is a foreign corporation doing continuous and systematic business in the State of Alabama.

4. The Defendant, Dollar Tree Stores, Inc., hereinafter referred to as "Dollar Tree" is a foreign Corporation doing continuous and systematic business in the State of Alabama.

5. The Defendant, GVM Participating Partnership, hereinafter referred to as "GVM" is an Alabama Partnership with its principal place of business in Vestavia Hills, Alabama.

6. The fictitious defendants are those entities or individuals, whether singular or plural who are better described above that caused or contributed to cause the injuries and damages to the plaintiff and whose true identities are unknown to the plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5. On or about August 9, 2003, the plaintiff, Gayle Williams, was properly using her Jet One model, Pride Mobility Products electric wheelchair at the Dollar Tree located in Eufaula, Alabama.

6. On or about the aforementioned date, the plaintiff was exiting the Dollar Tree and was coming down the wheelchair ramp onto the parking lot where the electric scooter overturned on top of the plaintiff severely injuring and damaging her left shoulder and arm.

7. The Jet One model electric wheelchair that the plaintiff was using was defective and/or unreasonably dangerous in that it overturned and caused the plaintiff to be severely injured and damaged.

8. The Jet One model electric wheelchair that the plaintiff was using was defective and/or unreasonably dangerous in that it failed to incorporate sufficient safety features to prevent the aforementioned overturn.

9. The Jet One model electric wheelchair that the plaintiff was using was defective and/or unreasonably dangerous in that it was improperly manufactured and/or designed.

10. As a proximate cause of each of the defendants' conduct, the plaintiff, Gayle Williams was severely injured and damaged and was caused to incur expenses for medicine, hospital charges and will be permanently injured as a result of this occurrence.

11. The plaintiff has suffered extreme pain and mental anguish from the above described injuries and will continue in the future to suffer extreme pain and suffering from the said injuries.

12. The plaintiff has been permanently disfigured as a result of the said injuries and will be permanently disabled and unable to utilize the plaintiff's left arm.

**COUNT ONE**
**(Products Liability)**

13. The plaintiff readopts and realleges all prior paragraphs contained as set forth again here in full.

14. Defendants Pride Mobility Products, Corp., The Scooter Store, Inc. and fictitious defendants designed, engineered, tested, manufactured, modified, distributed, marketed and otherwise placed into the stream of commerce the electric wheelchair that the plaintiff was using at the time of the accident, serial # 2904JT-24, which is the subject of this lawsuit.

15. The defendants reasonably expected that the electric wheelchair that the plaintiff was using, which is the subject of this lawsuit would reach the ultimate user or consumer in the condition that it was in at the time of the incident.

16. At the time of the incident, the electric wheelchair was being used in the manner as it was intended and reasonably foreseeable to the defendants.

17. At the time of the incident, the electric wheelchair was unreasonably dangerous and defective in that the defect existing therein subjected the plaintiff to an unreasonable risk of harm.

18. The said wheelchair was defective and/or unreasonably dangerous in its design, manufacturing and/or warnings.

19. As a proximate consequence of the Defendants, Pride Mobility, The Scooter Store, Inc., and Fictitious Defendants conduct, the Plaintiff was injured and damaged as set forth above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants Pride Mobility Products, Corp., The Scooter Store, Inc. and Fictitious Defendants in such sum as a jury may award, plus costs and interest.

**COUNT TWO**

**(Negligence & Wantonness)**

20. Plaintiff re-alleges all allegations contained in paragraphs 1 through 19 of the Complaint as if set out here in full.

21. Defendants Pride Electric Mobility Products, Corp., The Scooter Store, Inc., and Fictitious Defendants negligently and/or wantonly designed, engineered, manufactured, tested, sold, modified, distributed, marketed and placed into the stream of commerce and failed to recall the electric wheelchair which is the subject matter of this lawsuit.

22. As a proximate consequence of the negligence and/or wantonness of Defendants Pride Mobility Products, Corp., The Scooter Store, Inc., and Fictitious Defendants, the Plaintiff was injured and damaged as alleged above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants Pride Mobility Products, Corp., The Scooter Store, Inc., and Fictitious Defendants in such sum as a jury may award, plus costs and interest.

**COUNT THREE**

**(Breach of Warranty)**

23. Plaintiff re-alleges all allegations contained in paragraphs 1 through 22 of the Complaint as if set out here in full.

24. Defendants, Pride Mobility Products, Corp., The Scooter Store, Inc., and Fictitious Defendants expressly and/or impliedly warranted that the electric wheelchair and/or its component parts involved in the occurrence made the basis of this Complaint were reasonably fit and suitable for the purposes for which they were intended to be used. The Plaintiff claims that the Defendants breached the expressed or implied warranties of merchantability and/or fitness for a particular purpose in that the said electric wheelchair and/or its component parts were not reasonably fit and suitable for the purposes for

which they were intended to be used, but to the contrary, said electric wheelchair and/or its component parts were not reasonable fit and suitable for the purposes for which they were intended to be used, but to the contrary, said electric wheelchair and/or its component parts were unmerchantable and commercially unfit quality. The Plaintiff further claims that as a proximate result of the aforesaid breach of warranties by the Defendants, including the fictitious party Defendants, the Plaintiff was caused to be injured and damaged.

25. As a proximate result of the aforesaid breach of implied and/or expressed warranties of, Pride Mobility Products, Corp., The Scooter Store, Inc., and Fictitious Defendants, the Plaintiff was injured and damaged as set above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against these Defendants in such sum as a jury may award, plus costs and interest.

**COUNT FOUR**

**(Negligent Design and Construction)**

26. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 25 of the Complaint as if set out here in full.

27. The defendants, GVM Participating Partnership and The Dollar Tree, Inc and Fictitious Defendants negligently and/or wantonly designed, engineered, manufactured, constructed and maintained the aforesaid sidewalk, wheelchair ramp and/or curb located on the premises at 1451 South Eufaula Avenue in Eufaula, Alabama.

28. As a proximate consequence of this negligence and/or wantonness of the defendants GVM Participating Partnership and The Dollar Tree, Inc. and Fictitious Defendants, the plaintiff was injured and damaged, as set forth above.

WHEREFORE, the plaintiff demands judgment for compensatory and punitive damages Against defendants GVM Participating Partnership and The Dollar Tree, Inc. and Fictitious Defendants,

in such sum as a jury may award, plus costs and interest.

## COUNT FIVE

**(Concurring and Combined Negligence)**

29. The plaintiff readopts and realleges all prior allegations contained in the paragraphs 1 through 28 of the complaint as set forth again in full.

30. The negligence, wantonness or otherwise wrongful conduct of Defendants Pride Mobility Products, Corp., The Scooter Store, Inc., GVM Participating Partnership and The Dollar Tree, Inc., and Fictitious Defendants as alleged herein combined and concurred to cause the Plaintiff to suffer severe injuries and damages.

31. As a proximate result of the aforesaid conduct of all Defendants and Fictitious Defendants, the Plaintiff was injured and damaged as set forth again in full.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against all Defendants in such sum as a jury may award, plus costs and interest.

Albert H. Adams, Jr.
ALBERT H. ADAMS Jr. (ADA038)
Attorney for Plaintiff
P.O. Box 910
Eufaula, Alabama 36072-0910
(334) 687-6672

Russell L. Irby
RUSSELL L. IRBY (IRB001)
Attorney for Plaintiff
P.O. Box 910
Eufaula, AL 36072-0910

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues in this cause.

Albert H. Adams, Jr.
OF COUNSEL

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Pride Mobility Products, Corp.
182 Susquehanna Ave.
Exeter, PA 18643

The Scooter Store, Inc.
5237 Halls Mill Road
Mobile, Al 36619

The Dollar Tree Store
1451 S. Eufaula Ave.
Eufaula, Al 36027

GVM Participating Partnership
C/O Guy Martin
1257 Buckhead Circle
Vestavia Hills, Al 35216