**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| VICKIE L. BARNETTE and EARL | * | |
| BARNETTE, | * | |
| | * | |
|     PLAINTIFFS, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.: 2:06-cv-01030-MEF |
| | * | |
| DOLLAR TREE STORES, INC, et al., | * | |
| | * | |
|     DEFENDANTS. | * | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO REMAND**

Come now the plaintiffs, Vickie L. Barnette and Earl Barnette, and hereby file this reply in response to defendants' response to plaintiffs' Motion to Remand. This case is still improperly removed to the United States District Court for the Middle District of Alabama, Northern Division, for the following reasons:

1.      The defendants' response to plaintiffs' Motion to Remand really adds nothing to what has already been stated. In fact, the second affidavit from defendant, Eugene Hamric states that he began working for The Dollar Tree Store in Eufaula, Alabama on July 18, 2005, but did not become manager until August 18, 2005. Thus, he was employed at The Dollar Tree in Eufaula in the prior case when the settlement papers were signed by the plaintiff in the case entitled *Gayle Williams v Pride Mobility Products Corp., et al, CV-03-179* on July 21, 2005. Although that case did involve a wheelchair overturning on a wheelchair ramp; nevertheless, it was at the same location where the accident made the basis of this lawsuit occurred and was caused in part by the same unsafe premises.

**1**

Thus, the defendant, Eugene Hamric claims he did not have knowledge of the prior fall at the same

location.  It is not so much whether the defendant Eugene Hamric knew of the prior accident, the

plaintiffs also allege that this defendant should have known of the dangerous and defective condition

of the premises irrespective of the prior accident.

2.      A store manager is the keeper of the store for the owner/operator.  It is part of the

store manager's responsibility to see that the premises are rendered safe and warn customers of any

defects.  It is not asking too much for a store manager to inspect the premises and make sure the same

are rendered safe and free from defect.  In the case of *Borden v Consumer Warehouse Foods, Inc.,*

*601 So.2d 976,* the Court quoting another case stated as follows:

> "This court is firmly committed to proposition that the occupant of premises is bound
> to use reasonable care and diligence to keep the premises in a safe condition for the
> access of persons who come thereon by his invitation, expressed or implied, for the
> transaction of business, or for any other purpose beneficial to him; or, if his premises
> are in any respect dangerous, he must give such visitors sufficient warning of the danger
> to enable them, by the use of ordinary care, to avoid it."

> "This rule…includes (a) the duty to warn an invitee of danger, of which he knows, or
> ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable
> care to have the premises to which he is invited in a reasonably safe condition for such
> contemplated uses, and within the contemplated invitation."

As this Court can plainly see, Alabama holds that a storekeeper has a duty to warn an invitee

of a danger of which he knows or "ought to know."  The defendant Eugene Hamric was the manager

of the store and thus the storekeeper vested with the responsibility of warning invitees of danger

which he "ought to know."  If the store manager will not warn customers, who else will?

4.      The defendant Eugene Hamric certainly ought to have known of the unsafe condition

of the premises.  A casual inspection of same would have made this known.  Certainly his employer

knew of the defective and unsafe condition of the premises in the prior lawsuit and elected to pay

money to get out of the other case. The defendant Eugene Hamric is the agent of The Dollar Tree store that made the prior settlement. Certainly The Dollar Tree's knowledge of the defective condition of the store is imputed to their agent, their store manager, Eugene Hamric who is vested with the responsibility as store manager of rendering the premises safe. Consequently, plaintiffs have certainly alleged facts which create a viable cause of action against the store manager Eugene Hamric. Discovery may ultimately result Eugene Hamric is much more culpable than is being made known at this point.

5.      The plaintiffs are not required at this point to prove their case or that they will win the case as to Eugene Hamric. As stated in the notice of removal, the burden of proving fraudulent joinder rests with the defendants as the removing parties. *See Crowe v Coleman, 113F.3d 1536, 1538 (11th Cir. 1997).* In order to sustain a claim of fraudulent joinder, the Defendants must establish there is no possibility that any of the Plaintiffs can establish any cause of action against a non-diverse defendant. *Id.* The district court should resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta v Standard Fruit Company, 883F.2d 1553, 1561 (11th cir. 1989); Crowe, 113F.3d at 1538.* If there is even a *possibility* that a state court would find that the complaint states a cause of action against *any one* of the resident Defendants, the federal court *must* find that joinder was proper and remand the case to the state court. *Coker v Amoco Oil Company, 709 F.2d 1433, 1440 (11th Cir. 1983).* The plaintiffs have certainly shown there is a possibility that state court would find that their complaint states a cause of action against the store manager Eugene Hamric, which would preclude the case from being removed. This Court should resolve all questions of law and fact in favor of the injured plaintiff here. The removal should, therefore be denied and this slip and fall case remanded back to the Circuit Court of Barbour County, Alabama.

**3**

Respectfully submitted,

/s/  **Russell Lee Irby**
Russell Lee Irby
Attorney for Plaintiffs
Post Office Box 910
Eufaula, AL 36072-0910

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| VICKIE L. BARNETTE and EARL BARNETTE, | * * * | |
| PLAINTIFFS, | * * | |
| VS. | * * | CIVIL ACTION NO.: 2:06-cv-01030-MEF |
| DOLLAR TREE STORES, INC, et al., | * * | |
| DEFENDANTS. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2006, I electronically filed the foregoing Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Remand with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Rick A. Howard, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36072

Megan K. McCarthy, Attorney at Law
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103

/s/  **Russell Lee Irby**
Russell Lee Irby

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

**5**