IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKIE L. BARNETTE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-1030-MEF |
| | ) | (WO) |
| DOLLAR TREE STORES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs Vickie and Earl Barnette bring this action for injuries relating to Vickie Barnette's slip and fall accident at a Dollar Tree store in Eufaula, Alabama. Plaintiffs, both citizens of Alabama, filed their complaint in the Circuit Court of Barbour County, Alabama on October 19, 2006. Plaintiffs asserted various state law claims against Defendants Dollar Tree Stores, Inc. ("Dollar Tree"), Eugene Hamric ("Hamric"), Logan Germann, and Jerry Germann. Asserting that the Hamric was fraudulently joined, Dollar Tree and Hamric removed the case solely on the basis of diversity of the citizenship of the parties. Logan and Jerry Germann consented to the removal. This cause is before the Court on Plaintiffs' Motion to Remand (Doc. # 4) filed on December 5, 2006. Having thoroughly considered the motion, as well as all other relevant submissions, the Court concludes that the motion to remand is due to be GRANTED.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2005, Vickie Barnette was shopping at the Dollar Tree Store in Eufaula, Alabama.  Around 4 p.m., as she was leaving the store, Vickie Barnette slipped and fell on a handicap access ramp that led to the parking lot.  The ramp was wet from recent rainfall.  Mrs. Barnette fractured her right ankle as a result of the fall.  At the time of the accident, Hamric, the store manager, had left for the day and put an assistant manager in charge.  Hamric began working at the store on July 18, 2005 and had been the store manager since August 18, 2005.

Dollar Tree had been sued in the past for an accident occurring on the same handicap ramp.  In a lawsuit filed in September 2003 in state court, a plaintiff alleged that her wheelchair overturned on the handicap access ramp at the store.  That case settled out of court on July 21, 2005, three days after Hamric began working at the store.  The Defendants contend that Hamric was never made aware of the lawsuit and thus had no knowledge of any dangerous condition.

## III.  DISCUSSION

A civil case filed in state court may be removed by the defendant to federal court  if the case could have been brought in federal court originally.  28 U.S.C. §1441(a).  Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of the parties, meaning that every plaintiff's state of residency is diverse from every defendant.  *See* 28 U.S.C. §1332; *Tapscott v. MS*

*Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000).

Additionally, cases such as this one that do not, on their face, have complete diversity of parties may nevertheless be removed to federal court if the defendant can demonstrate that the non-diverse defendant has been fraudulently joined. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Joinder may be deemed fraudulent in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts," or (3) "where a diverse defendant is joined with a non[-]diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non[-]diverse defendant." *Triggs*, 154 F.3d at 1287.

The burden of proving fraudulent joinder rests with Dollar Tree and Hamric because they are the removing parties. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the

3

plaintiff. . . ."  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

This burden on the defendant is a heavy one.  It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff.  *See id.*  If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder is proper and remand the case to the state court.  *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[1]  In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant."  *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder.  Specifically, they argue that there is no possibility that Plaintiffs can establish a cause of action against Hamric.  The Court has carefully reviewed the claims against Hamric and the arguments of the parties, and it must conclude that in this case there is a possibility that the Plaintiffs can establish at least

---

[1]  It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

4

one of their causes of action against Hamric. Accordingly, this Court must find that the

joinder is proper and remand the case to the Circuit Court of Barbour County, Alabama.

### IV. CONCLUSION

It is hereby ORDERED as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 4) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Barbour County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 16th day of May, 2007

_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

   *Rev.: 4/04*

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).